UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ABDULLAH MAHMODI, and
HUSSAIN HUSSAINI,

           Petitioners,

   v.

TAMMY MARICH, *in her official capacity as Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement*; *et al.*,

           Respondents.
_____

6:25-CV-06762-MAV

**ORDER**

Petitioners Abdullah Mahmodi and Hussain Hussaini, both citizens of Afghanistan, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on December 12, 2025, while being held as civil immigration detainees at the Buffalo Federal Detention Facility. ECF No. 1. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). In addition to seeking a writ of habeas corpus requiring that Respondents release Petitioners until they are provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) (ECF No. 1 ¶ 8), Petitioners have asked for an "emergency Temporary Restraining Order prohibiting Respondents from removing either of them from the United States or transferring them out of this jurisdiction." ECF No. 1 ¶11.

For the reasons set forth below, Petitioners' request for an emergency Temporary Restraining Order is DENIED, but Respondents are ordered to SHOW CAUSE within 14 days why the Petition (ECF No. 1) should not be granted.

**TEMPORARY RESTRAINING ORDER**

With respect to Petitioners' request for an emergency Temporary Restraining Order

("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court notes that a TRO is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citation omitted). Irreparable harm is the "*sine qua non* for preliminary injunctive relief," and the moving party must first demonstrate that irreparable harm would be "likely" in the absence of injunctive relief before other factors toward granting relief will be considered. *Id.* (quoting *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1295 (2d Cir. 1995)). Provided irreparable harm is demonstrated, a party seeking a TRO against the federal government that will affect government action taken pursuant to a statutory or regulatory scheme must show both a likelihood of success on the ultimate merits of the lawsuit, and that the balance of hardships tips in the moving party's favor while the public interest is not disserved by the relief granted. *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007); *New York v. United States Dep't of Educ.*, 477 F. Supp. 3d 279, 294 (S.D.N.Y. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

In addition, Rule 65(b) of the Local Rules of Civil Procedure for the Western District of New York requires that an application for a TRO include: a copy of the complaint (or, as here, petition); the motion for a TRO; a memorandum of law in support of the TRO, citing legal authority showing that the party is entitled to the relief requested; a proposed order granting the TRO; and, a motion for an expedited hearing pursuant to Loc. R. Civ. P. 7(d)(1). Loc. R. Civ. P. 65(b)(2). Rule 7(d)(1) of the Local Rules further provides that a party seeking an expedited hearing must make a separate motion for the hearing; include a proposed order granting an expedited hearing with proposed dates for serving the motion and filing responsive papers; if filed *ex parte*, "shall state the attempts made to resolve the dispute

through a motion on notice;" and, shall immediately after filing the motion deliver courtesy copies to chambers or contact chambers by telephone to request a waiver of this requirement.

Here, Petitioners have failed to satisfy the procedural requirements of the Local Rules of Civil Procedure. Accordingly, Petitioners' request for an emergency TRO is denied without prejudice.

## ORDER TO SHOW CAUSE

Nevertheless, the Court notes that 28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Further, in light of the Court's prior orders on this issue, including its decision in *Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575, (W.D.N.Y. Nov. 25, 2025), Respondents are hereby

ORDERED to show cause within 14 days of the date of this order why the Petitioners' requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented as possible by copies of the Notice to Appear served on Petitioners, the warrant to arrest Petitioners, any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioners shall have **7 days** after service of Respondents' return to file a **written response**.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioners out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:   December 17, 2025
         Rochester, New York

                                                      HON. MEREDITH A. VACCA
                                                     United States District Judge