**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**DIVISION OF ROCHESTER**

| | |
|---|---|
| **ABDULLAH MAHMODI** | |
| and | Case no: |
| **HUSSAIN HUSSAINI,** | |
| *Petitioners,* | **VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | **REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |
| **TAMMY MARICH**, in her official capacity as Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; **JOSEPH FREDEN**, in his official capacity as Deputy Field Office Director of the Buffalo Federal Detention Facility; **TODD M. LYONS**, in his official capacity as Acting Director of US. Immigration and Customs Enforcement; **KRISTI NOEM,** in her official capacity as Secretary of the U.S. Department of Homeland Security; **PAMELA BONDI**, in her official capacity as Attorney General of the United States, | **REQUEST FOR ORDER TO SHOW CAUSE** |
| | ORAL ARGUMENT REQUESTED |
| | Expedited Hearing Requested |
| *Respondents* | |

## INTRODUCTION

1.    Petitioners Abdullah Mahmodi and Hussain Hussaini ("Mr. Mahmodi" and "Mr. Hussaini" respectively, or, together, "Petitioners") are Afghan nationals who entered the United States in 2023 and have applied for asylum and related relief from removal.

2.    After Mr. Mahmodi and Mr. Hussaini entered the United States, Respondents' agents detained them, then released them on their own recognizance. Respondents' agents thereafter placed both Mr. Mahmodi and Mr. Hussaini in removal proceedings under Section 240 of the Immigration and Nationality Act (INA) (codified at 8 USC § 1229a).

3.      Petitioners have since diligently fulfilled their obligations and pursued their immigration

cases. Mr. Mahmodi has presented himself for multiple appointments with Immigration

and Customs Enforcement and timely filed an application for asylum and related relief.

Mr. Hussaini has also timely filed an application for asylum and related relief.

4.      On December 1, 2025, two days before Mr. Mahmodi was scheduled to appear for his

first immigration court hearing, Respondents suddenly and without warning arrested

both Mr. Mahmodi and Mr. Hussaini near their home in Watervliet, New York early in

the morning while they were leaving to go to work. Respondents currently are detaining

both Petitioners at the Buffalo Federal Detention Facility.

5.      The arrests and detention of Mr. Mahmodi and Mr. Hussaini are wholly unjustified and

unrelated to any individualized consideration of their circumstances.

6.      Upon information and belief, Respondents will claim that Petitioners' detention is

mandatory and that they are ineligible for bond because their detention is governed by 8

U.S.C. § 1225(b)(2)(A). However, this is an erroneous interpretation of both the law and

the facts of this case. The detention of both Petitioners is governed by 8 U.S.C. §

1226(a) and they are therefore eligible for bond.

7.      It would be futile for Petitioners to request bond hearings before an immigration judge

and, when denied, to appeal to the Board of Immigration Appeals. DHS has enacted a

policy of detaining all noncitizens who entered without inspection, regardless of where

they are encountered, on their theory that all such persons are ineligible for bond

because they are subject to mandatory detention without bond under 8 USC §

1225(b)(2)(A). This new policy has been adopted by DHS and confirmed by the

Department of Justice (under which the Board of Immigration Appeals operates) in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).

8.  Petitioners respectfully ask this Court to hold that their continued detention is unlawful, and to order their immediate release from custody without restraints on their liberty beyond those that existed prior to their detention. In the alternative, Petitioners respectfully ask this Court to order their release unless Respondents promptly provide them each with a constitutionally sufficient bond hearing in which the government will bear the burden of proof to show by clear and convincing evidence that they are a danger to society or a flight risk.

9.  Petitioners further respectfully request an order of the Court providing that if either of them is granted an order of release from detention, that Respondents may not seek or grant a stay of any such order.

10. Petitioners also respectfully request an order that Respondents may not re-detain either of them without a hearing before this Court.

11. Petitioners also respectfully request an emergency Temporary Restraining Order prohibiting Respondents from removing either of them from the United States or transferring either of them out of this jurisdiction.

## <u>JURISDICTION</u>

12. The Court has jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1651(the All-Writs Act); 28 U.S.C. § 2241 (habeas corpus); and 5 U.S.C. § 701 (the Administrative Procedure Act), and the Suspension Clause of the U.S. U.S. Const. art. I § 9, cl. 2 ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require.").

13.     This Court has additional remedial authority under 28 U.S.C. §§ 2201-02 (the

        Declaratory Judgment Act), to grant injunctive and declaratory relief.

## **VENUE**

14.     Venue is proper in the Western District of New York under 28 U.S.C. § 1391(e),

        because Petitioners are detained at the Buffalo Federal Detention Facility in Batavia,

        New York, which is within the jurisdiction of this District; and under 28 U.S.C.

        § 1391(b), because a substantial part of the events or omissions giving rise to their

        claims occurred in this District.

## **REQUIREMENTS OF 28 U.S.C. § 2243**

15.     The Court should grant the petition for writ of habeas corpus or issue an order to show

        cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to

        relief. 28 U.S.C. § 2243. If the Court issues an order to show cause, the Court must

        require Respondents to file a return "within *three days* unless for good cause additional

        time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

16.     Courts have long recognized the significance of the habeas statute in protecting

        individuals from unlawful detention. The Great Writ has been referred to as "perhaps the

        most important writ known to the constitutional law of England, affording as it does a

        *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*,

        372 U.S. 391, 400 (1963) (emphasis added).

17.     Petitioners therefore request that the Court grant their petitions expeditiously to protect

        them from further unlawful detention.

## PARTIES

18.     Petitioner Abdullah Mahmodi is a 34-year-old citizen of Afghanistan. He is currently in removal proceedings before the Executive Office for Immigration Review (EOIR) and has filed an application for asylum and related relief. Mr. Mahmodi is currently detained at the Buffalo Federal Detention Center in Batavia, New York, in the custody and under the direct control of Respondents and their agents.

19.     Petitioner Hussain Hussaini is a 22-year-old citizen of Afghanistan. He is currently in removal proceedings before EOIR and has filed an application for asylum and related relief. Mr. Hussaini is currently detained at the Buffalo Federal Detention Center in Batavia, New York, in the custody and under the direct control of Respondents and their agents.

20.     Respondent Tammy Marich is sued in her official capacity as Field Office Director at the Buffalo Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. She is a legal custodian of both Petitioners.

21.     Respondent Joseph Freden is sued in his official capacity as the Deputy Field Office Director of the Buffalo Federal Detention Facility where Petitioners are detained. He is a legal custodian of both Petitioners.

22.     Respondent Todd M. Lyons is sued in his official capacity as Acting Director of ICE. As the Acting Director of ICE, Respondent Lyons is a legal custodian of both Petitioners.

23.     Respondent Kristi Noem is sued in her official capacity as Secretary of Homeland Security. As the head of the Department of Homeland Security ("DHS"), the agency tasked with enforcing immigration laws and overseeing immigration detention, Secretary Noem is both Petitioners' ultimate legal custodian.

24. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals. Respondent Bondi is a legal custodian of both Petitioners.

## RELEVANT FACTS AND PROCEDURAL HISTORY

25. Abdullah Mahmodi is a 34-year-old citizen of Afghanistan who fled to the United States with his wife and two young sons, seeking to escape persecution including but not limited to persecution based on his religion, his ethnicity, his political opinion, and his work in furtherance of education of girls.

26. Hussain Hussaini is a 22-year-old citizen of Afghanistan and the nephew of Mr. Mahmodi through marriage. He fled to the United States seeking to escape persecution including but not limited to persecution based on his religion, his ethnicity, his political opinion, and his family's association with the United States.

27. Mr. Mahmodi and Mr. Hussaini both arrived in the United States in December 2023. They entered the United States without inspection and were detained by Customs and Border Protection (CBP), a subagency of the Department of Homeland Security. Respondents released both of them on their own recognizance. Respondents initiated removal proceedings against both, under 8 USC § 1229a.

28. Upon their release after their initial detention at the border in 2023, both Mr. Mahmodi and Mr. Hussaini were issued Form I-220A, Order of Release on Recognizance, which stated: "In accordance with section 236 of the Immigration and Nationality Act [8

U.S.C. 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance."

29.    Until their sudden and arbitrary arrest on December 1, 2025, both Mr. Mahmodi and Mr. Hussaini were living in Watervliet, New York and working pursuant to valid work authorizations.

30.    Neither Mr. Mahmodi nor Mr. Hussaini has ever been arrested or accused of a crime.

31.    On the morning of December 1, 2025, Mr. Mahmodi and Mr. Hussaini were suddenly and without warning detained by Respondents' agents in Watervliet, New York, while on their way to work. Upon information and belief, Respondents' agents did not have warrants for their arrest at the time of arrest, but such warrants were issued only afterwards.

32.    Furthermore, Mr. Hussaini's arrest and the accompanying warrant were deficient in several other aspects, including because the warrant was not signed by an authorized immigration officer; the signed certificate of service indicated that it had been read to him in Dari but no interpreter name or signature was included; and, upon information and belief, it was not translated to him in Dari.

33.    Upon information and belief, the arrests were not due to any changes in Mr. Mahmodi's or Mr. Hussaini's individual circumstances.

34.    On November 25, 2025, an Afghan citizen shot two National Guard members in Washington D.C. and one ultimately died from her injuries, as reported by news outlets.

35.    Thereafter, upon information and belief, Respondents instructed their agents to specifically target Afghan citizens for arrest and detention by immigration enforcement, regardless of whether they had any connection to the shooting.

36.     During the week of December 1, Mr. Mahmodi and Mr. Hussaini were among at least ten other Afghans in the New York Capital Region who were arrested and placed into immigration detention. Upon information and belief, few or none of the arrested individuals had criminal records.

37.     Upon information and belief, both Mr. Mahmodi and Mr. Hussaini were targeted for arrest and detention solely because of their national origin and not for any individualized reasons.

38.     It would be futile for Petitioners to request a bond hearing and, if denied, appeal to the Board of Immigration Appeals. As discussed more fully below, DHS has enacted a policy of detaining all noncitizens who entered without inspection under a new theory that all such persons are subject to mandatory detention under 8 USC § 1225(b)(2)(A) and therefore ineligible for bond. This new policy has been adopted by DHS and by the Board of Immigration Appeals, a subagency of the Department of Justice, in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).

## LEGAL FRAMEWORK

**Noncitizens Have Due Process Rights**

39.     Immigration detention may not be used as punishment. *Wong Wing v. United States*, 163 U.S. 228, 234 (1896).

40.     Noncitizens in immigration proceedings are entitled to due process under the Fifth Amendment of the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993).

41.     Immigration detention is a form of civil confinement that "constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 4253 (1979).

**The INA Delineates Respondents' Immigration Detention Authority**

42. The INA prescribes three basic forms of detention for most noncitizens in removal proceedings. Of these, the two forms of detention relevant to this case are described at 8 U.S.C. §§ 1226(a) and 1225(b)(2).[1]

43. For decades, Sections 1226(a) and 1225(b)(2) have been interpreted to separately apply to people within the country and those seeking entry at the border. *See Quituisaca v. Bondi*, 2025 U.S. Dist. LEXIS 230764, *6-7 (W.D.N.Y. November 24, 2025). Section 1226(a)'s permissible detention scheme applied to people within the country apprehended in the interior who were thus eligible for bond and release; Section 1225(b)(2)'s mandatory detention scheme applied to people seeking entry at the border.). *Id.*

44. Under 8 U.S.C. § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States," and, in the absence of a criminal history that would trigger the mandatory detention provisions of 8 U.S.C. § 1226(c), such a noncitizen may be released on bond or conditional parole. 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Individuals detained under Section 1226(a) are generally entitled to request a bond hearing at the outset of their detention. *See* 8 C.F.R. §§ 1003.19(b), 1236.1(d).

45. Conversely, under 8 U.S.C. § 1225(b)(2), a person alleged to be an "applicant for admission" who is "seeking admission" and whom an "examining immigration officer determines . . . is not clearly and beyond a doubt entitled to be admitted" is subject to

---

[1] Mandatory detention without bond for individuals in removal who have committed certain crimes is governed by 8 USC §1226(c); as this section is not relevant to this matter, it is not discussed further below.

mandatory detention – that is, detention without the right to a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A).

46.    The distinct application of each statutory provision is well established. For example, when Congress enacted the detention provisions at § 1226(a) and § 1225(b)(2) as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585, EOIR, as the implementing agency, drafted new regulations accordingly. In its notice issuing the new regulations, EOIR explained that people who entered the country without admission or parole were detained under § 1226(a) and were not considered detained under § 1225. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) ("[Noncitizens] who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination.").

47.    Since those revisions, DHS has routinely applied 8 U.S.C. § 1226(a) to people arrested and detained in the interior who had entered without admission or parole. Once detained, the individual would receive a bond hearing before an immigration judge, unless their criminal history rendered them ineligible and subjected them to mandatory detention under 8 U.S.C. § 1226(c). That practice was consistent with decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)). *See also Quituisaca v. Bondi*, 2025 U.S. Dist.

LEXIS 230764, *6-7 (W.D.N.Y. November 24, 2025) (noting decades of prior practice in separately addressing those stopped at the border and those already residing within).

48.     Congress confirmed this reading of the statute when it amended Section 1226 in early 2025 by passing the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025). The Laken Riley Act added new subparagraph (E) to the statute at 8 USC §1226(c)(1). This amendment provided that certain noncitizens who had previously entered without inspection and were charged with or convicted of certain crimes are ineligible for bond under § 1226(a)'s default bond provision. Subparagraph (E)'s reference to such people makes clear that, by default, noncitizens who entered without inspection but did *not* have the criminal history described by the Laken Riley Act are entitled to a bond hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 400 (2010)). Further, "when Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. I.N.S*., 514 U.S. 386, 397 (1995). Accepting DHS's and DOJ's new interpretation of § 1225(b) would render a significant part of the Laken Riley Act moot. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

49.     The plain text of the statute also supports this interpretation. Section 1225(b)(2), according to its text, applies to "applicants for admission" who are "seeking admission." This text, including the use of the present tense in "seeking admission", indicates that

section 1225(b) is applicable only to noncitizens who are "actively engaged in the exercise of being admitted to the United States, rather than currently residing here and seeking to stay." *Barrios v. Shepley*, 2025 U.S. Dis. LEXIS 191139, *22, 1:25-cv-00406-JAW (D. Maine Sept. 29, 2025).

50.    Additionally, Section 1225(b)(2) exists in the larger context of Section 1225, which is concerned with the inspection of persons who are at the border "seeking admission" to the United States.

51.    Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

52.    Despite the clear statutory meaning and decades of established practice, on July 8, 2025, ICE, "in coordination with" the Department of Justice, issued a new policy that rejected this well-established understanding of the statutory framework and upended decades of practice. Immigration and Customs Enforcement, *Interim Guidance Regarding Detention Authority for Applicants for Admission*, July 8, 2025, available at: https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission.

53.    The new detention policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," directs that all persons who entered the United States without admission or parole shall now be deemed "applicants for admission" under 8 U.S.C. § 1225 and subject to mandatory detention under § 1225(b)(2)(A). This new policy applies regardless of when a person entered, retroactively affecting people who

have resided in the United States for months, years, and even decades, and who are

apprehended in the interior.

54.    Under the new policy, Respondents expand mandatory detention under Section

1225(b)(2)(A) to include all noncitizens who entered without inspection, even if they are

not encountered at the border.

55.    On September 5, 2025, the Board of Immigration Appeals adopted ICE's new

interpretation in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). There, the

Board held that all noncitizens who entered the United States without admission or

parole are considered applicants for admission who are "seeking admission" and are

ineligible for IJ bond hearings. *Id. at* 221, 223. Since September, numerous courts have

rejected the new interpretation of § 1225(b)(2) that ICE and the BIA have adopted. *See,*

*e.g., Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d --

--, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Quituisaca v. Bondi,* 2025 U.S.

Dist. LEXIS 230764 at *5, 6:25-cv-6527-EAW (W.D.N.Y., Nov. 24, 2025) (noting that

nearly every federal court has rejected the interpretation of *Yajure Hurtado*.); *Reyes v.*

*Raycraft*, No. 25-CV-12546, 2025 WL 2609425, 2025 U.S. Dist. LEXIS 175767 (E.D.

Mich. Sept. 9, 2025) (citing district court cases around the country rejecting new

interpretation of detention schemes under Sections 1225(a) and 1226(b)(2)).

56.    DHS's and EOIR's new policy and novel interpretation of the statute defies the plain

text of the INA and longstanding practice. As described above, the statute itself

demonstrates that § 1226(a), not § 1225(b), applies to people like Mr. Mahmodi and Mr.

Hussaini.

57.  This Court owes no deference to *Matter of Yajure Hurtado* under *Loper Bright Enters. v.*

     *Raimondo*, 603 U.S. 369, 394 (2024*). Cf. Rodriguez Vasquez*, __ F.Supp.3d __, 2025,

     WL 2782499, at *1, n.3 (W.D. Wash Sept, 30, 2025) (rejecting the BIA's statutory

     interpretation in *Matter of Yajure Hurtado* and listing cases deciding same)).

58.  The mandatory detention provision of § 1225(b)(2) does not apply to people like Mr.

     Mahmodi and Mr. Hussaini, who had already entered and were residing in the United

     States at the time he was apprehended.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of the INA, 8 USC § 1226(a) and implementing regulations

59.  Petitioners repeat, re-allege, and incorporate by reference each and every allegation in

     the preceding paragraphs as if fully set forth herein.

60.  Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2)

     to Petitioners.

61.  Petitioners' detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A),

     because they have each been living in the United States for nearly two years and were

     apprehended in the interior. The application of 8 U.S.C. § 1225(b)(2)(A) to Petitioners

     thus violates the INA.

### COUNT TWO
### Violation of the Due Process Clause of the Fifth Amendment (Substantive Due Process)

62.  Petitioners repeat, re-allege, and incorporate by reference each and every allegation in

     the preceding paragraphs as if fully set forth herein.

63.  To satisfy the substantive due process requirements of the Fifth Amendment, a

     noncitizen's detention must be tied to some lawful purpose, which does not exist when

the individual is not a flight risk or a danger to the community. *Zadvydas*, 533 U.S. at

690.

64.    Neither Mr. Mahmodi nor Mr. Hussaini is a flight risk, nor is either a danger to the

community. They have shown a commitment to building a peaceful life in the United

States. At the time of Mr. Mahmodi's arrest, he had steady employment, had formed

close ties in the community, served his neighbors and community through volunteer

work, and diligently studied to improve his English. Mr. Mahmodi attended all required

ICE check-in appointments and had timely filed his application for asylum and complied

with court filing deadlines. Similarly, at the time of Mr. Hussaini's arrest, he had also

been diligently studying English, had steady employment, served his neighbors and

community through volunteer work, had timely filed his application for asylum and was

diligently pursuing his case and complying with all court deadlines. Neither Petitioner

has any criminal record.

65.    Respondents' detention of Petitioners is therefore impermissibly punitive and unlawful.

## COUNT THREE
**Violation of the Due Process Clause of the Fifth Amendment (Procedural Due Process)**

66.    Petitioners repeat, re-allege, and incorporate by reference each and every allegation in

the preceding paragraphs as if fully set forth herein.

67.    The procedural due process guarantees of the Fifth Amendment ensure that noncitizens

cannot be deprived of liberty or property interests without due process of law. *Barrows v*

*Burwell*, 777 F.3d 106, 113 (2d Cir. 2015) (quoting *Mathews v. Eldridge*, 424 U.S. 319,

332 (1976).

68.    Respondents violated Petitioners' right to procedural due process by arresting and

detaining them in December 2025 without providing adequate procedural protections

before depriving them of their liberty; Petitioners were also not provided individualized

reviews of their detention through bond hearings.

## <u>COUNT FOUR</u>
**Violation of the Administrative Procedures Act – 5 USC § 706(2)(A)**
**Abuse of Discretion**

69.     Petitioners repeat, re-allege, and incorporate by reference each and every allegation in

the preceding paragraphs as if fully set forth herein..

70.     Under the APA, a court shall "hold unlawful and set aside agency action" that is an

abuse of discretion.

71.     An action is an abuse of discretion if the agency "entirely failed to consider an important

aspect of the problem, offered an explanation for its decision that runs counter to the

evidence before the agency, or is so implausible that it could not be ascribed to a

difference in view or the product of agency expertise." *Nat'l Assn of Home Builders v.*

*Defs. Of Wildlife*, 551 U.S. 644, 658 (2007) (quoting *Motor Vehicle Mfrs. Ass'n of U.S.,*

*Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

72.     To survive an APA challenge, the agency must articulate "a satisfactory explanation" for

its action, "including a rational connection between the facts found and the choice

made." *Dep't of Com. v. New York.*, 139 S Ct. 2551, 2569 (2019) (citation omitted).

73.     Respondents have already considered Petitioners' facts and circumstances and

determined that they were not a flight risk or danger to the community when they were

initially released on their own recognizance in December 2023. Both Petitioners adhered

to the conditions of their release. As recently as August 2025, Mr. Mahmodi attended a

scheduled ICE check-in, at which he was provided with his next check in date in January

2026. That Respondents have already determined that Mr. Mahmodi should be released

– not just when he initially was released from CBP custody but at each subsequent ICE

check in – amply demonstrates that, on an individualized basis, Respondents do not consider him to be a danger to the community or a flight risk. Similarly, Respondents' release of Mr. Hussaini in December 2023 represents a determination that he is not a flight risk or a danger to the community.

74. By revoking Petitioners' release without consideration of their individualized facts and circumstances, Respondents have violated the APA.

## COUNT FIVE
### Violation of the Equal Protection Clause

75. Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

76. Upon information and belief, Petitioners were targeted for arrest and detention based solely upon their country of nationality, in violation of the Equal Protection clause.

## COUNT SIX
### Violation of the Fourth Amendment, 8 USC § 1357(a)(2), 8 CFR § 287.8(c)(2)(ii), and 8 CFR § 287.3(c)

77. Petitioners repeat, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

78. Upon information and belief, Petitioners were targeted for arrest and detention based solely upon their country of nationality.

79. The government lacked reliable information of changed or exigent circumstances that would justify their arrest and detention after federal immigration authorities had already released them. Their re-arrest based solely on the fact that they are subject to removal proceedings is unreasonable and violates the Fourth Amendment.

80. Petitioners were arrested without a warrant despite the fact that no officer could have a reasonable belief that they were present in violation of the immigration laws and

presented a risk of escape before a warrant could be obtained, there has been no

probable cause hearing or custody review that could justify their detention since, and no

emergency or extraordinary circumstances could excuse the warrantless arrest. Their

arrest thus violated the Fourth Amendment, 8 U.S.C. § 1357(a), and 8 C.F.R. § 287.3(d).

As Petitioners' arrests lacked a legal basis and there continues to be no legal basis for

their detention, they must be released at habeas.

81.    Additionally, upon information and belief, the warrants issued to Petitioners after the

arrest were deficient because they were not translated, in violation of the notice

requirement under 8 CFR § 287.3(c).

## PRAYER FOR RELIEF

Wherefore, Petitioners respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. Declare that Petitioners' arrest and detention violates the Due Process Clause of the Fifth

   Amendment and the INA and implementing regulations;

3. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioners immediately

   under the same conditions as existed prior to detention, or, in the alternative, schedule a

   bond hearing within five days before an immigration judge, at which hearing

   Respondents shall bear the burden of justifying Petitioners' continued detention by clear

   and convincing evidence of dangerousness or flight risk;

4. Issue a Temporary Restraining Order prohibiting Respondents from removing Petitioners

   from the United States or transporting Petitioners out of this jurisdiction during the

   pendency of this action;

5. Issue an Order requiring Respondents to return to Petitioners any and all of their property that was seized upon their arrest;

6. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 USC § 2243;

7. Issue an Order prohibiting Respondents from re-detaining Petitioners without a pre-deprivation hearing before this Court where the government bears the burden of justifying re-detention by clear and convincing evidence;

8. Issue an Order prohibiting Respondents from seeking or granting a stay of any order granting bond by the Immigration Judge;

9. Award Petitioners attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

10. Grant any further relief this Court deems just and proper.

Dated: December 12, 2025

Albany, New York

Respectfully submitted,

/s/ Lauren DesRosiers                          /s/ Michelle F. Lee
Lauren DesRosiers                              Michelle F. Lee (*Admission pending*)
NY Bar No. 5504907                             NY Bar No. 5374798
Director, Immigration Law Clinic               Senior Staff Attorney, Immigration Law Clinic
Edward P. Swyer Justice Center                 Edward P. Swyer Justice Center
Albany Law School                              Albany Law School
80 New Scotland Ave.                           80 New Scotland Ave.
Albany NY 12208                                Albany NY 12208
518-445-3359                                   518-445-3377
Ldesr@albanylaw.edu                            mlee@albanylaw.edu

*Pro Bono Attorneys for Petitioners*

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent Petitioners Abdullah Mahmodi and Hussain Hussaini and submit this verification on their behalf. I have discussed the events described in this Petition and Complaint with Mr. Mahmodi and Mr. Hussaini. On the basis of those discussions, I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 12th day of December, 2025.

Albany, New York

<u>/s/ Lauren DesRosiers</u>
Lauren DesRosiers
NY Bar No. 5504907
Director, Immigration Law Clinic
Edward P. Swyer Justice Center at Albany Law School
80 New Scotland Ave.
Albany NY 12208
518-445-3359
Ldesr@albanylaw.edu

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
DIVISION OF ROCHESTER

| | |
|---|---|
| **ABDULLAH MAHMODI** | Case no: |
| and | **VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |
| **HUSSAIN HUSSAINI,** | |
| *Petitioners,* | **REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |
| v. | **REQUEST FOR ORDER TO SHOW CAUSE** |
| **TAMMY MARICH**, in her official capacity as Acting Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U,S, Immigration and Customs Enforcement; et al, | ORAL ARGUMENT REQUESTED |
| *Respondents* | Expedited Hearing Requested |

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing Petition for Habeas Corpus with the clerk of the District Court using its CM/ECF system, which would then electronically notify the Respondents in this case.

December 12, 2025.

/s/ Lauren DesRosiers
Lauren DesRosiers
NY Bar No.5504907

*Attorney for Petitioners*

JS 44 (Rev. 03/24)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MAHMODI, Abdullah and HUSSAINI, Hussain

**DEFENDANTS**

US Immigration and Customs Enforcement, Tammy Marich, in her official capacity, et al (see attachment)

**(b)** County of Residence of First Listed Plaintiff  Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lauren DesRosiers
Michelle F. Lee (see attachment)

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 2241

Brief description of cause:
Petition for Writ of Habeas Corpus

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*

JUDGE                                                  DOCKET NUMBER

DATE
December 12, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lauren DesRosiers

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Attachment to Civil Cover Sheet, JS-44
*Abdullah Mahmodi and Hussain Hussaini v. Tammy Marich*, et al

Attorneys for Plaintiff:

Lauren DesRosiers
Michelle Fon Anne Lee *(admission pending)*
Edward P Swyer Justice Center at Albany Law School
80 New Scotland Ave.
Albany, NY 12208
518-445-3359

Defendants:

U.S. Immigration and Customs Enforcement, Buffalo Field Office, Enforcement and Removal
Operations, TAMMY MARICH, in her official capacity as Field Office Director

Buffalo Federal Detention Facility, JOSEPH FREDEN, in his official capacity as Deputy Field
Office Director

U.S. Immigration and Customs Enforcement, TODD M. LYONS, in his official capacity as
Acting Director

U.S. Department of Homeland Security, KRISTI NOEM, in her official capacity as Secretary

Attorney General of the United States PAMELA BONDI, in her official capacity

DEPARTMENT OF HOMELAND SECURITY

**NOTICE TO APPEAR**

DOB: 06/04/1991

Event No: IMB2412000083

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: [redacted]          FINS: [redacted]          File No: [redacted]

In the Matter of:

Respondent: MAHMODI ABDULLAH _____ currently residing at:

337 DELAWARE AVE APT 2,ALBANY,NEW YORK,12209          (201) 424-6634

    (Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of AFGHANISTAN and a citizen of AFGHANISTAN ;

3. You arrived in the United States at or near SAN YSIDRO, CA , on or about December 7, 2023 ;

4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

970 BROAD STREET, ROOM 1200 NEWARK, NJ 07102.

    (Complete Address of Immigration Court, including Room Number, if any)

on December 3, 2025 at 1:30 PM to show why you should not be removed from the United States based on the

    (Date)          (Time)

charge(s) set forth above.          P 7108 SALMON - SDDO

    (Signature and Title of Issuing Officer)

Date: May 14, 2024          Malta, NY

    (City and State)

DHS Form I-862 (6/22)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on May 14, 2024 , in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.    + EOIR 33

The alien was provided oral notice in the ~~USDBR~~ English language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*(Signature of Respondent if Personally Served)*

R 10373 DUESLER   Deportation Officer
_____
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

## DEPARTMENT OF HOMELAND SECURITY
# NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: _____    FINS #: _____

DOB: **04/22/2003**

File No: _____

In the Matter of:

**Event No: IMB2412000085**

Respondent: _____    HUSSAIN   HUSSAINI    currently residing at:

470 PIAGET AVE APT A1 CLIFTON, NEW JERSEY, 07011-3016     +1 (518) 801-7593

(Number, street, city, state and ZIP code)     (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of AFGHANISTAN and a citizen of AFGHANISTAN ;
3. You arrived in the United States at or near SAN YSIDRO,  CA , on or about December 8, 2023 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

970 BROAD STREET, ROOM 1200 NEWARK NJ 07102

(Complete Address of Immigration Court, including Room Number, if any)

on October 09, 2025 at 08:30 AM to show why you should not be removed from the United States based on the
(Date)    (Time)

charge(s) set forth above.

Acting/Patrol Agent in Charge

BRANDON J ADAMS
Date: 2023.12.09 14:23:56 -08:00
0107314895.CBP

(Signature and Title of Issuing Officer)

Date: December 09, 2023     SAN DIEGO, CALIFORNIA

(City and State)

EOIR – 1 of 3

Case 6:25-cv-06762-MAV    Document 2-1    Filed 12/17/25    Page 28 of 31

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ^December 09, 2023^ , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person   ☐ by certified mail, returned receipt # _____ requested   ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____DARI_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Hussain Hussaini

BRAYAN COVARRUBIAS, Border Patrol Agent

BRAYAN COVARRUBIAS
Date: 2023.12.09 14:44:36 -08:00
0256054953 CBP

_____
*(Signature of Respondent if Personally Served)*

_____
*(Signature and Title of officer)*

EOIR – 2 of 3

**Privacy Act Statement**

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR — 3 of 3

DHS Form I-862 (6/22)                                                                                                                     Page 3 of 3

**U.S. Department of Homeland Security**

# Order of Release on Recognizance

File No: █████████

Date: December 09, 2023

Event No: IMB2412000083

Name: MAHMODI   ABDULLAH

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

[X] You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

[X] You must surrender for removal from the United States if so ordered. (518)289-1800

[X] You must report in (~~writing~~) (person) to    **AS INDICATED ON THE ATTACHED OREC G-56**

(Name and Title of Case Officer)

at  11 OLD STONEBREAR RD. MNTA, NY on December 10, 2024 at 0900 AM
(Location of DHS Office)    12020    (Day of each week or month)    (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

[X] You must not change your place of residence without first securing written permission from the immigration officer listed above.

[X] You must not violate any local, State, or Federal laws or ordinances.

[X] You must assist the Department of Homeland Security in obtaining any necessary travel documents.

[X] Other: NO UNAUTHORIZED EMPLOYMENT

www.USCIS.GOV (Work Auth)

[ ] See attached sheet containing other specified conditions (Continue on separate sheet if required)

**NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

ANTHONY L MAGANA JR.
Date: 2023.12.09 23:57:15 -08:00
0096653649.CBP.1

(Signature of DHS Official)

Acting/Patrol Agent in Charge

(Printed Name and Title of Official)

## Alien's Acknowledgment of Conditions of Release on Recognizance

I hereby acknowledge that I have (read) (had interpreted and explained to me in the          UZBEK          language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

MARGARITA G. BACORN
Date: 2023.12.10 01:20:57 -08:00
0629787166.CBP.2                                                                12/09/2023

(Signature of Immigration Officer Serving Order)          (Signature of Alien)          (Date)

## Cancellation of Order

I hereby cancel this order of release because:   [ ]   The alien failed to comply with the conditions of release.

[ ]   The alien was taken into custody for removal.

(Signature of Immigration Officer Canceling Order)          (Date)

Form I-220A (Rev. 08/01/07) N

U. S. Department of Homeland Security

# Order of Release on Recognizance

File No: ▮▮▮▮▮▮▮

Date: December 09, 2023

Event No: IMB2412000085

Name: HUSSAIN  HUSSAINI

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

[x] You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

[x] You must surrender for removal from the United States if so ordered.

[x] You must report in (writing) (person) to ___ **AS INDICATED ON THE ATTACHED OREC G-56**

(Name and Title of Case Officer)

at _____ on _____ at _____

(Location of DHS Office)                          (Day of each week or month)             (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

[x] You must not change your place of residence without first securing written permission from the immigration officer listed above.

[x] You must not violate any local, State, or Federal laws or ordinances.

[x] You must assist the Department of Homeland Security in obtaining any necessary travel documents.

[ ] Other: _____

[ ] See attached sheet containing other specified conditions (Continue on separate sheet if required)

**NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

BRANDON J ADAMS
Date: 2023.12.09 11:26:10 -08:00
0107314895.CBP

(Signature of DHS Official)

Acting/Patrol Agent in Charge

(Printed Name and Title of Official)

## Alien's Acknowledgment of Conditions of Release on Recognizance

I hereby acknowledge that I have (read) (had interpreted and explained to me in the) ___ DARI ___ language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

BRAYAN COVARRUBIAS
Date: 2023.12.09 11:44:50 -08:00
0256054953.CBP

Hussain  Hussaini

12/09/2023

(Signature of Immigration Officer Serving Order)          (Signature of Alien)          (Date)

## Cancellation of Order

I hereby cancel this order of release because: [ ] The alien failed to comply with the conditions of release.

[ ] The alien was taken into custody for removal.

_____          _____
(Signature of Immigration Officer Canceling Order)          (Date)

Form I-220A (Rev. 08/01-07) N